| | |
|---|---|
| DORIS ANNETTE CHRISTENBERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT BRANDON WHITE, ) <br> FELISHA WHITE, ) <br> MARY SUE WHITE, ) <br> BOBBY WHITE, ) <br> PAULA JO EMBREE, ) <br> Successor Trustee of The Dexter A. ) <br> Christenberry, Jr. Living Trust, ) <br> SHANKS & BLACKSTOCK, ATTYS, and ) <br> JAMES L. SLOAN, ) <br> ) <br> Defendants. ) | No.: 3:20-CV-176-TAV-DCP |

# MEMORANDUM OPINION

This civil action, brought by plaintiff Doris Annette Christenberry, proceeding *pro se*, is before the Court on four (4) pending motions to dismiss: Motion to Dismiss [Doc. 6] filed by defendant James L. Sloan ("Sloan"); Motion to Dismiss [Doc. 10] filed by defendants Robert Brandon White, Felisha White, Mary Sue White, and Bobby White (collectively, "the Whites"); Motion to Dismiss [Doc. 13] filed by defendant Paula Jo Embree ("Embree"); and Motion to Dismiss [Doc. 17] filed by defendant Shanks & Blackstock, Attys ("Shanks & Blackstock"). Plaintiff responded in opposition [Docs. 16, 19, 20] to the motions made by Sloan, the Whites, and Shanks & Blackstock, and Sloan replied [Doc. 18]. Also before the Court is plaintiff's Motion for Extension of Time for

the Hearing of This Case [Doc. 21]. Responses in opposition to plaintiff's motion were filed by Sloan [Doc. 23], Embree [Doc. 24], and the Whites [Doc. 22].

For the reasons explained below, defendants' motions to dismiss [Docs. 6, 10, 13, 17] will be **GRANTED**, and plaintiff's complaint [Doc. 1] will be **DISMISSED**. Accordingly, plaintiff's Motion for Extension of Time for the Hearing of This Case [Doc. 21] will be **DENIED** as **MOOT**.

**I.     Background**

This case concerns a dispute over the ownership of real property located in Seymour, Tennessee. Plaintiff appears to allege that, after her brother, Dexter Christenberry, Jr., passed away, Embree, the trustee of his estate, claimed ownership of H.A.G. Inc., a corporation in which plaintiff owned stock [Doc. 1 p. 5]. Plaintiff claims that Embree then sold certain real property owned by H.A.G. Inc. (the "H.A.G. property") to the Whites for $600,000 [*Id.* at 5]. Plaintiff alleges that the Whites then converted the H.A.G. property, which included a golf course, into a donkey farm [*Id.* at 5, 10].

Plaintiff filed this action on April 24, 2020 [Doc. 1]. The crux of plaintiff's complaint is that Dexter did not own H.A.G. Inc. at the time of his death, and, as a result, the sale of the H.A.G. property to the Whites was unlawful [*Id.* at 5]. Plaintiff asserts a claim of grand larceny against Embree for the allegedly unlawful sale of the H.A.G. property [*Id.* at 8]. Plaintiff's lawsuit includes Shanks & Blackstock, a law firm, for its involvement in the allegedly unlawful sale, as well as Sloan, an appraiser, for allegedly producing an unlawful appraisal of the H.A.G. property [*Id.* at 9]. Plaintiff also claims that

2

the Whites "brought machines in and destroyed" the H.A.G. property [*Id*. at 5, 10]. As relief, plaintiff requests that Embree return the $600,000 sale proceeds to defendant Bobby White, defendant Bobby White remove his personal property from the H.A.G. property, and "ALL property" be returned to H.A.G. Inc. and the children of plaintiff's brother, J.G. Christenberry [*Id.* at 10]. Plaintiff also requests $4,000,000 from the Whites for damage to the H.A.G. property [*Id.*].

Defendants move to dismiss, arguing that plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that plaintiff's complaint fails to set forth facts that establish the Court's subject matter jurisdiction [Docs. 6, 7, 10, 11, 13, 14, 17, 18]. In the alternative, Sloan and Embree argue that the Court should dismiss plaintiff's complaint pursuant to Rule 12(b)(6) on the basis that it fails to state a claim for which relief may be granted [Docs. 6, 7, 13, 14].

**II.     Legal Standard**

The standards governing motions to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure differ in some respects. As for Rule 12(b)(1) motions, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S.

83, 94–95 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1), . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)). Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). However, the liberal pleading standard of Rule 8(a) "should not be read to alter the *jurisdiction* of federal courts." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989) (emphasis in original).

Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Id.* (emphasis in original). In considering whether jurisdiction has been established on the face of the pleading, "a district court takes the allegations in the complaint as true, which is a similar safeguard employed under [Federal Rule of Civil Procedure] 12(b)(6) motions to dismiss." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598 (emphasis in original). In this case, defendants' motions assert a facial attack on plaintiff's assertion of this Court's subject matter jurisdiction.

As for Rule 12(b)(6) motions, Rule 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, pleadings in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* (alterations in original). "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is ultimately "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[ ], accept all well-pled factual allegations as true, and determine whether plaintiff[ ] undoubtedly can prove no set of facts

5

in support of those allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Thus, in this case, the Court construes the pleadings in the same way for purposes of both Rules 12(b)(1) and 12(b)(6)—i.e., the Court takes the material allegations of the complaint as true and draws all reasonable inferences in plaintiff's favor. *See id.*; *Ritchie*, 15 F.3d at 598.

Finally, the Court notes that plaintiff here is proceeding *pro se*. *Pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a *pro se* party "will not be relieved of the responsibility to comply with the basic rules of the court." *Brown v. Woodward*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. 1998); *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 968, 970 (E.D. Tenn. 2011). As such, this Court is not required to construct claims for the plaintiff because to do so would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Lawrence v. Maryland*, No. 3:18-CV-304, 2019 WL 4723073, at *8 (E.D. Tenn. Sept. 26, 2019) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III. Discussion

#### A. Subject Matter Jurisdiction

Defendants argue that the Court should dismiss plaintiff's complaint under Rule 12(b)(1) because it suggests no basis for federal subject matter jurisdiction. Sections 1331

and 1332 set forth the statutory bases for this Court's subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Plaintiff asserts the Court's subject matter jurisdiction under 28 U.S.C. § 1331 [Doc. 1 p. 2]. Section 1331 governs federal-question jurisdiction, which requires a plaintiff to plead a colorable claim that arises under the U.S. Constitution or federal statutes enacted by Congress. *See* 28 U.S.C. § 1331. Plaintiff's complaint, which fails to cite any federal constitutional or statutory provision which plaintiff claims has been violated, suggests no basis for the Court's federal-question jurisdiction.[1] *See Turner v. Metro. Sav. Bank*, 182 F.3d 918 (table), 1999 WL 454696, at *1 (6th Cir. 1999) (affirming the dismissal of a *pro se* complaint that, even when construed liberally, "did not refer to federal law, or allege diversity of citizenship under 28 U.S.C. § 1332").

Further, this is not a case in which diversity of citizenship may give rise to federal jurisdiction under 28 U.S.C. § 1332 because it appears that all defendants reside or do business in the state of Tennessee [*see* Doc. 1 p. 1]. Plaintiff states that "this case involves a [b]usiness doing business in China, [plaintiff's brother's] Chinese Child, [and] a former Chinese wife" [Doc. 20 p. 2]. Additionally, plaintiff references another case in which she is involved, alleging fraud and "[f]raudulent lending" against Wells Fargo, India, a

---

[1] Plaintiff's responds by making general assertions regarding the jurisdiction of federal courts—e.g., that federal courts address issues related to the "Constitution, Life, Liberty, and The Possession of Land" [Doc. 16 p. 2; Doc. 19 p. 2; Doc. 20 p. 2]. However, "[s]uch allegations are insufficient to establish this Court's subject matter jurisdiction over plaintiff's claims because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Wilder v. Swann*, No. 3:11-CV-93, 2011 WL 4860041, at *4 (E.D. Tenn. Oct. 13, 2011).

7

deceased judge, and deceased lawyers, "stating that if The American People have a Justice System, a Federal Court and a Federal Judge should hear cases that involve the take-over of corporations, and the taking of American Land by Chinese and by India [sic]" [*Id.* at 3]. To establish diversity jurisdiction under § 1332, all plaintiffs must be citizens of states different from all defendants. *See Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017). Accordingly, plaintiff's attempt to establish the Court's diversity jurisdiction based on the citizenship of her brother's former wife and child, neither of whom are parties to the instant lawsuit, fails. For the same reason, plaintiff may not predicate the Court's jurisdiction on the activities of a business that is not a party to this lawsuit, nor may plaintiff establish the Court's subject matter jurisdiction in this case based on the facts of another case. Accordingly, even construing plaintiff's complaint liberally in light of her *pro se* status, the Court finds that the claims and allegations in the complaint do not meet the minimal, liberal pleading requirements of Rule 8(a) in regard to subject matter jurisdiction.

### B. Failure to State Claims for Which Relief May be Granted

In the alternative, Sloan and Embree argue that the Court should dismiss plaintiff's complaint under Rule 12(b)(6) because her "allegations are conclusory and do not inform the Defendant on what basis the Plaintiff is bringing her lawsuit against him" [Doc. 7 p. 6; *see* Doc. 14 p. 6]. Plaintiff asserts a claim of grand larceny against Embree [Doc. 1 p. 8].

Grand larceny previously constituted a criminal offense in Tennessee.[2]  *See* Tenn. Code Ann. § 39-3-1103.  "Criminal offenses may only be brought by a prosecuting authority and contain no private right of action."  *Glenn-Lopez v. Mangrum*, No. 2:17-cv-02147, 2019 WL 2537661, at *7 (W.D. Tenn. Jan. 31, 2019) (citing *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th. Cir. 2002) (stating that a private citizen has no authority to initiate a federal criminal prosecution)).  Accordingly, plaintiff's grand larceny claim fails to state a claim for which relief may be granted.

The only allegation plaintiff asserts against Sloan is that his appraisal of the H.A.G. property was "unlawful" [Doc. 1 p. 9].[3]  Further, plaintiff does not request relief against Sloan [*see id.* at 10].  As noted previously, "an unadorned, the-defendant-unlawfully-harmed-me accusation" fails to state a claim showing entitlement to relief.  *Iqbal*, 556 U.S. at 678.  And "absent a clear allegation or claim of relief, the Court will not create one."  *Little v. Carl*, No. 2:19-CV-18, 2020 WL 5201306, at *4 (E.D. Ky. Aug. 6, 2020); *see also Leadingham v. Bowser*, No. 2:14-CV-10457, 2014 WL 651166, at *2 (E.D. Mich. Feb. 18, 2014) (dismissing *pro se* plaintiff's complaint for failure to state a claim

---

[2]  Under modern Tennessee law, theft of property is a criminal offense pursuant to § 39-14-103.  *See* Tenn. Code Ann. § 39-14-103; *State v. Gentry*, 538 S.W.3d 413, 426 (Tenn. 2017) (applying § 39-14-103 to theft of real property).

[3]  The Court notes that plaintiff's response in opposition to Sloan's motion states that "this Appraisal is a part of the Documents that would be very Fraudulently establishing the Value of this Land and in the Fraudulent Orchestrating of the take-over of an established Corporation, H.A.G. Inc. in 1987 [sic]" [Doc. 16 p. 2].  "However, it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (citing *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977); *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp. 401, 409 (E.D. Tenn. 1967), *aff'd on other grounds*, 414 F.2d 256 (6th Cir. 1969).  As such, the Court limits its analysis to the allegations contained in plaintiff's complaint.

upon which relief may be granted where complaint "fail[ed] to state a discernible legal claim," relied on "conclusory allegations," and "fail[ed] to request any particular form or type of relief"). After thoroughly reviewing the complaint, and liberally construing plaintiff's claims, the Court finds that even taking the allegations in the complaint as true and in the light most favorable to plaintiff, plaintiff fails to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons set forth above, defendants' motions to dismiss [Docs. 6, 10, 13, 17] will be **GRANTED**, and plaintiff's complaint [Doc. 1] will be **DISMISSED**. Accordingly, plaintiff's Motion for Extension of Time for the Hearing of This Case [Doc. 21] will be **DENIED AS MOOT**. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE